FILED IN OPEN COURT
JUL 1 8 2003
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

IN RE INSURANCE MANAGEMENT ) Case No. 8:00-CV-2013-T-26MAP
SOLUTIONS GROUP, INC., )
SECURITIES LITIGATION )
_____ )

### ORDER AND FINAL JUDGMENT

On the _18_ day of _July_, 2003, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated April 15, 2003 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Defendants in the Consolidated Amended Class Action Complaint (the "Complaint") now pending in this Court under the above caption, including the release of Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiff's Counsel fees and reimbursement of expenses. The Court has previously certified this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class consisting of all persons who purchased or otherwise acquired the common stock of IMSG pursuant and/or

traceable to IMSG's February 11, 1999 initial public offering, inclusive. Excluded from the Class are Defendants, members of the immediate family of each of the Individual Defendants, any subsidiary or affiliate of IMSG, the directors, officers and employees of IMSG or their subsidiaries or affiliates, any entity in which any Defendant has a controlling interest and the legal representatives, heirs, successors, predecessors in interest, affiliates, or assigns of any Defendant. ~~Also excluded from the Class are the persons listed on Exhibit A attached hereto, each of whom have requested to be excluded from the Class.~~ *ack 7/15/03* The Court having considered all matters submitted to it at the hearing and otherwise, and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all reasonably identifiable persons or entities who purchased or acquired the common stock of Insurance Management Solutions Group, Inc. ("IMSG") pursuant and/or traceable to IMSG's February 11, 1999 initial public offering, except those persons or entities excluded from the definition of the Class, as shown by the records of IMSG's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of <u>Investor's Business Daily</u> pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Plaintiff, all Class Members, and Defendants.

2. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4. The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants. The Court expresses no opinion concerning the merits of the Plaintiff's claims, or concerning the merits of the Defendants' defenses to those claims.

5. Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, all claims of every nature and description (including, but not limited to, misrepresentation, breach of fiduciary duty or other common law claims) (whether asserted directly or derivatively), known or

unknown, relating to the sale of IMSG common stock in IMSG's initial public offering, or the facts and circumstances alleged in the Complaint, which claims have been or could have been asserted by Plaintiff or any member of the Class against the Released Parties (as defined below) relating to or arising out of or in connection with any of the claims, transactions, disclosures, facts, matters, omissions or occurrences referred to in, or which are the subject matter of the Complaint (the "Settled Claims") against Defendants and their respective present and former parents, subsidiaries and affiliates and their respective present and former officers, directors, employees, agents, representatives, attorneys, advisors, investment advisors, auditors and accountants, insurers and re-insurers, and the predecessors, heirs, successors and assigns of any of them, and any person or entity in which any of the foregoing has or had a controlling interest or which is or was related to or affiliated with any of the foregoing (together, the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

6. Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims of every nature and description, known or unknown, that have been or could have been asserted in the Action by the Defendants against the Plaintiff, the Class Members or their attorneys, solely to the extent that such claims arise out of or relate in any way to the institution, prosecution, or settlement of the Action (the "Settled Defendants' Claims"). The Settled Defendants' Claims are hereby compromised, settled, released, discharged

and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

7. Neither this Order and Final Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Released Parties or against Plaintiff or the Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties or by the Plaintiff or the Class with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

(b) offered or received against the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiff and the Class as evidence of any infirmity in the claims of Plaintiff and the Class;

(c) offered or received against the Released Parties or against Plaintiff or the Class as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

provided, however, that the Released Parties may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against the Released Parties or Plaintiff and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession, or presumption against Plaintiff or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

8. The Plan of Allocation is approved as fair and reasonable, and Plaintiff's Counsel and the Claims Administrator are directed to administer the Gross Settlement Fund as described in the Stipulation.

9. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

10. Plaintiff's Counsel are hereby awarded 30 % of the Cash Settlement Amount in fees, which the Court finds to be fair and reasonable, and $ 119,442.50 in reimbursement of expenses, which amounts shall be paid to Plaintiff's Counsel from the Gross Settlement Fund with interest from the date such Gross Settlement Fund was funded to the date of payment at the same net rate that the Gross Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiff's Counsel in a fashion which, in the opinion of Plaintiff's Counsel,

fairly compensates Plaintiff's Counsel for their respective contributions in the prosecution of the Action.

11. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

12. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

13. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated: _July 18_, 2003

HONORABLE RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

Date Printed: 07/22/2003

Notice sent to:

    Kenneth Vianale, Esq.
    Vianale & Vianale LLP
    5355 Town Center Rd., Suite 801
    Boca Raton, FL  33486

    8:00-cv-02013     wlb

    William S. Lerach, Esq.
    Milberg, Weiss, Bershad, Hynes & Lerach, LLP
    401 B St., Suite 1700
    San Diego, CA  92101

    8:00-cv-02013     wlb

    Michael A. Swick, Esq.
    Milberg, Weiss, Bershad, Hynes & Lerach, LLP
    401 B St., Suite 1700
    San Diego, CA  92101

    8:00-cv-02013     wlb

    Darren J. Robbins, Esq.
    Milberg, Weiss, Bershad, Hynes & Lerach, LLP
    401 B St., Suite 1700
    San Diego, CA  92101

    8:00-cv-02013     wlb

    Paul J. Geller, Esq.
    Cauley, Geller, Bowman & Rudman, LLP
    2255 Glades Rd., Suite 421A
    Boca Raton, FL  33431

    8:00-cv-02013     wlb

    Jack E. Reise, Esq.
    Cauley, Geller, Bowman & Rudman, LLP
    2255 Glades Rd., Suite 421A
    Boca Raton, FL  33431

    8:00-cv-02013     wlb

    Howard K. Coates Jr., Esq.
    Cauley, Geller, Bowman & Rudman, LLP
    2255 Glades Rd., Suite 421A
    Boca Raton, FL  33431

    8:00-cv-02013     wlb

    Jonathan M. Stein, Esq.
    Cauley, Geller, Bowman & Rudman, LLP
    2255 Glades Rd., Suite 421A

Boca Raton, FL  33431

8:00-cv-02013    wlb

Richard S. Davis, Esq.
Foley & Lardner
777 S. Flagler Dr., Suite 901 W.
West Palm Beach, FL  33401-6163

8:00-cv-02013    wlb

Douglas M. Hagerman, Esq.
Foley & Lardner
One IBM Plaza
330 N. Wabash Ave., Suite 3300
Chicago, IL  60611

8:00-cv-02013    wlb

Chris S. Coutroulis, Esq.
Carlton Fields, P.A.
P.O. Box 3239
Tampa, FL  33601-3239

8:00-cv-02013    wlb

Nancy J. Faggianelli, Esq.
Carlton Fields, P.A.
P.O. Box 3239
Tampa, FL  33601-3239

8:00-cv-02013    wlb

Matthew C. Lucas, Esq.
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL  33602-4990

8:00-cv-02013    wlb

Mark F. Bideau, Esq.
Greenberg Traurig P.A.
777 S. Flagler Dr., Suite 300 E.
P.O. Box 20629
West Palm Beach, FL  33401-0629

8:00-cv-02013    wlb

Jon Andrew Jacobson, Esq.
Greenberg Traurig P.A.
777 S. Flagler Dr., Suite 300 E.
P.O. Box 20629
West Palm Beach, FL  33401-0629

8:00-cv-02013    wlb

Curtis V. Trinko, Esq.
Law Offices of Curtis V. Trinko
16 W. 46th St., Floor 7
New York, NY  10036

    8:00-cv-02013    wlb

___  Robert R. Adler, Esq.
    Milberg, Weiss, Bershad, Hynes & Lerach
    5355 Town Center Rd., Suite 900
    Boca Raton, FL  33486

    8:00-cv-02013    wlb

___  Marc A. Topaz, Esq.
    Schiffrin & Barroway, LLC
    Three Bala Plaza E., Suite 400
    Bala Cynwyd, PA  19004

    8:00-cv-02013    wlb

___  Corey D. Holzer, Esq.
    Holzer Holzer & Cannon LLC
    1117 Perimeter Ctr. W., Suite E-107
    Atlanta, GA  30338

    8:00-cv-02013    wlb